IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS McKINNEY | § | |
| v. | § | CIVIL ACTION NO. 6:06cv552 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner Thomas McKinney, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

McKinney says that he pleaded guilty to charges of aggravated sexual assault of a child and sexual assault of a child, receiving sentences of life in prison on the aggravated sexual assault charge and 20 years on the sexual assault charge. He took a direct appeal, and the Twelfth Judicial District Court of Appeals affirmed the convictions and sentences on August 17, 2005. McKinney did not seek discretionary review.

Instead, on October 4, 2006, McKinney filed a state habeas corpus petition. This was denied without written order by the Texas Court of Criminal Appeals on November 8, 2006. On November 21, 2006, McKinney filed this federal habeas corpus petition.

In his petition, McKinney says that the trial judge secured a waiver of a jury despite the fact that McKinney lacked the ability to make an intelligent waiver due to his limited education and the fact that he was on a psychiatric medication called "Prozac." He also says that the trial judge skipped over a required duty and improperly denied counsel's motion for a pre-sentence investigation report.

1

McKinney also says that the trial judge erred by expressing her own opinion and thus acting as an advocate, that the prosecutor committed acts of misconduct including failure to confine his opening statement to the evidence, by improperly eliciting needless evidence from a witness, Jennifer Mitchell, and by a "material misstatement of facts" in his closing statement by calling McKinney a "sick, perverted pedophile."

Finally, McKinney contends that he received ineffective assistance of counsel in that his attorney failed to notify him that his direct appeal had been affirmed, by failing to investigate witnesses, by failing to secure a jury trial, and failing to inform the court that the charging statute was unconstitutional.

The Respondent has been ordered to answer and has filed a motion to dismiss arguing that the statute of limitations has expired.  McKinney filed a response to the answer, in the form of a "motion to strike."

<u>The Law on Limitations</u>

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)**   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   **(A)**   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   **(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   **(C)**   the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   **(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This statute was enacted as part of the Anti-Terrorism and Effective Death Penalty Act on April 24, 1996.  In this case, McKinney was convicted on March 11, 2004, and took a direct appeal, which was affirmed by the Twelfth Judicial District Court of Appeals on August 17, 2005. McKinney did not file a petition for discretionary review, and so his conviction became final on September 16, 2005, at the expiration of his time in which to do so.  Tex. R. App. P. 68.2(a).  His limitations period thus began to run on September 17, 2005, and expired on September 16, 2006; because this date was a Saturday, the last day that McKinney could seek federal habeas corpus relief was Monday, September 18, 2006, absent any tolling provisions or otherwise extended through the operation of other factors.

In this regard, McKinney has made no showing that unconstitutional State action prevented him from seeking habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right.  Neither has he shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time.  McKinney has not shown any basis for extending the commencement of the statute of limitations, which statute therefore expired on September 18, 2006, absent any other tolling.

In his response to the answer, McKinney says that he received notice from the trial court "prior to November 8, 2006, "that his state application had been filed, including notice that the District Attorney had waived service of the writ.  As stated above, his state application had been filed in the trial court on October 4, 2006.  On November 8, 2006, he says, the Court of Criminal Appeals denied his petition without written order.  McKinney says that this denial came exactly 35 days after the initial filing and violated his due process rights because it failed to inquire as to the reason that the prosecutor waived service of the writ.  Following this denial, McKinney says that he exercised due diligence and filed his federal petition within 15 days.

In addition, McKinney says, the Respondent's motion is insufficient because it does not mention the fact that the trial court sent two supplemental clerk's records to the Court of Criminal Appeals, on January 22 and February 5, 2007.  He says that his state application was thus effectively "pending" from October 4, 2006, until some time after February, 2007, but the Respondent makes no mention of this.

Further, McKinney contends that in <u>Evans v. Chavis</u>, 126 S.Ct. 846 (2006), a filing of 90 days to four and a half months late was found to be timely, and that that case "bars any statutory tolling for gaps over six months." He asks that the Court strike the Respondent's answer and review the merits of his claims.

The state habeas records show that McKinney filed his state habeas petition on October 4, 2006, and it was denied without written order on November 8, 2006.  The on-line records of the Texas Court of Criminal Appeals show that on November 20, 2006, McKinney filed a motion for reconsideration, and on December 8, 2006, the Court of Criminal Appeals determined that no action was necessary.  A supplemental clerk's record was received on February 8, 2007, which is the last entry on the docket sheet.  *See* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID= 247489.

The fact that the Court of Criminal Appeals denied his state habeas petition without inquiring why the District Attorney waived service of the writ is of no moment.  The Fifth Circuit has held that the filing of a motion for reconsideration of a state habeas petition tolls the limitations period until the motion or suggestion for reconsideration is resolved.  <u>Hooks v. Quarterman</u>, --- F.3d ---, slip op. no. 05-40878 (5th Cir., March 30, 2007) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2007 WL 1026413), *citing* <u>Emerson v. Johnson</u>, 243 F.3d 931, 934 (5th Cir. 2001) *and* <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 261 (5th Cir. 2002).

In this case, McKinney's motion for reconsideration was denied on December 8, 2006, some two weeks *after* he filed his federal petition on November 21.  This would seem to indicate that the limitations period was tolled, and also that his state remedies were not exhausted at the time of the

4

filing of his petition; however, this is not the case.  As noted above, McKinney's appeal was denied on August 17, 2005, and so the limitations period began to run on September 17, 2005, expiring on September 16, 2006 (which was set off to September 18 because September 16 was a Saturday). This limitations period had therefore fully expired at the time that he filed his state habeas corpus petition, which was on October 4, sixteen days later.  The Fifth Circuit has held that a state habeas corpus petition filed after the limitations period has expired does not revive any part of this period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition).  Because McKinney's state habeas petition was filed 16 days after his limitations period had expired, it could not revive any portion of this period, and so the filing of the motion for reconsideration could not toll a limitations period which had already expired.

In Evans v. Chavis, 126 S.Ct. 846 (2006), cited by McKinney in his response to the answer, the petitioner Reginald Chavis filed a state habeas petition on May 14, 1993, which was denied.  He sought review from the California Court of Appeal, which ruled against him on September 29, 1994. Chavis then waited over three years before seeking review in the California Supreme Court on November 5, 1997.  This petition for review was summarily denied on April 29, 1998.

On August 30, 2000, after bringing a second round of state habeas petitions, Chavis sought federal habeas corpus relief.  The district court dismissed the petition as barred by limitations, but the Ninth Circuit reversed.  The Ninth Circuit held that the petition was "pending" during the three-year interval between the time that the California Court of Appeal issued its ruling and Chavis sought review of this ruling from the California Supreme Court, apparently based on a conclusion that the California Supreme Court had denied the petition for review on the merits.

On certiorari, the Supreme Court reversed the Ninth Circuit.  The Court held, citing Carey v. Safford, 122 S.Ct. 2134 (2002), that only a timely appeal tolls the limitations period between an adverse decision and the filing of an appeal in a higher court, "unreasonable" delays are not timely under California law, and a California Supreme Court order denying a petition "on the merits" does not automatically mean that the petition was timely filed.  The Court's decisions in Evans and Carey,

5

as well as the concurring opinion of Justice Stevens in <u>Evans</u>, make clear that California's post-conviction procedures are different from those of most states, in that they do not contain fixed deadlines for the seeking of such relief.

Consequently, the Court in <u>Carey</u> remanded a petition, dismissed as filed outside of the limitations period, to the lower courts for a determination of whether a state habeas petition, filed in the California Supreme Court four and a half months after the lower court had made its decision, was "pending" and therefore tolled the statute of limitations.

Under the unique California system, the Court said, the inmate is required to file his state habeas petition in a lower court.  If this is refused, an attempt to file another petition in a lower court will be rejected as successive.  However, the petitioner may file the same petition, even though called an "original" petition, in the Court of Appeal.  Thus, the Supreme Court explained, a prisoner will typically seek habeas review in a lower court and later seek appellate review in a higher court.  The Court concluded that intervals between a lower court decision and a filing of a new petition in a higher court fell within the scope of the word "pending."  <u>Carey</u>, 122 S.Ct. at 2139.

The Texas post-conviction system of collateral review is quite different from that of California's.  In Texas, the petitioner files his habeas corpus petition in the trial court, but that court can only make recommendations; it cannot grant or deny the petition.  Only the Court of Criminal Appeals has that power.  *See* Tex. Code Crim. Pro. art. 11.07.  Thus, in Texas, the state petition is considered to be "pending" from the time it is filed in the trial court, until the time that the Court of Criminal Appeals rules on it.  This is consistent with the Supreme Court's decision in <u>Carey</u>.  *See also* <u>Melancon v. Kaylo</u>, 259 F.3d 401, 406 (5th Cir. 2001) (construing Louisiana law and holding that the limitations clock does not begin to run between the time of the state trial court's disposition of a habeas petition and the timely filing for direct review at the next level).

In the present case, McKinney did not even begin the state collateral review procedure until after the limitations period had fully expired.  Hence, there was nothing left to toll. <u>Villegas</u>, 184 F.3d at 472 (noting that "any lapse of time before a state application is properly filed will be counted

against the one-year limitations period" and that prisoners will not be able to revive expired limitations period by simply filing a state petition in conformity with basic procedural requirements). Evans and Carey thus have no bearing on McKinney's case, because the limitations period had already expired before the procedures alleged to toll this period were initiated.

Neither has McKinney shown any basis upon which the limitations period should be equitably tolled. The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000); *see also* Fisher, 174 F.3d at 713 n.11.

The Supreme Court has not specifically stated that the habeas corpus limitations period may be equitably tolled, but has stated that, assuming that such tolling is available, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007).

Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See* Davis, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

In this case, McKinney has not shown any valid basis upon which to equitably toll the statute of limitations.[1]  The Fifth Circuit has held that equitable tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).  In Coleman, the petitioner did not file his federal habeas corpus petition for six months after learning about the state court decision.  Here, McKinney waited over a year after his conviction became final, from August 17, 2005, until October 4, 2006,  in which to assert his *first* collateral challenge to his conviction through the state habeas corpus procedures.  He has slept on his rights, failing to show that he has been pursuing these rights diligently but that some extraordinary circumstance stood in his way, and his challenge to his conviction is barred by the statute of limitations.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. §2253(c)(1)(A).  A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make the same showing as was required for a certificate of probable cause.  Else v. Johnson, 104 F.3d 82, 83 (5th Cir. 1997).  The only difference is that the district court, in granting a certificate of appealability, must specify the issues to be appealed.  Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997).

---

[1]McKinney offers in passing a conclusory assertion that his attorney did not inform him of the result of his appeal.  He offers no facts in support of this contention, nor does he show that he sought an out-of-time petition for discretionary review, the normal remedy under Texas state law for this circumstance. *See* Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997).  As a general rule, the Fifth Circuit has stated that the party seeking to establish tolling has the burden of proof. Phillips v. Donnelly, 223 F.3d 797, 797 (opinion on rehearing).  Attorney error or neglect normally is not sufficient. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cit. 2002).  McKinney has not met his burden of proof to show that he should be entitled to equitable tolling on this basis.

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right.  Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996); James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995).  To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  James, 50 F.3d at 1330.

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

In this case, McKinney has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that his petition is barred by the statute of limitations.  Nor has he set out a substantial showing that he has been denied a federal right, or that the questions are adequate to deserve encouragement to proceed further, with regard to his claims concerning the Texas Court of Criminal Appeals.  Consequently, McKinney is not entitled to a certificate of appealability.  It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Thomas McKinney is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **22** day of **May, 2007.**

9

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE